81,914-03

CASE NO. 2012-436,716-C

RODERICK ANDRE HALL,  §
     Defendant

                  §

     v.

                  §

THE STATE OF TEXAS
COUNTY OF LUBBOCK,  §
     Respondent

                  §

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 05 2015

Abel Acosta, Clerk

## DEFENDANT'S RESPONSE TO DISTRICT ATTORNEY'S RESPONSE TO HIS HABEAS CORPUS AND TO DEFENSE COUNSEL'S AFFIDAVIT

COMES NOW the defendant, Roderick Andre Hall (hereafter referred to as defendant), respectfully moves this Honorable court in Pro Se, in response to District Attorney Matthew D. Powell response to defendant's Writ of Habeas Corpus Article 11.07 of the Code of Criminal Procedure and in response to defendant's previous defense counsel Daniel Hurley's sworn affidavit.

The defendant concedes to the D.A.'s assertions that he was charged by indictment on May 18, 2011, with the offense of possession of a controlled substance PG1 (cocaine) with intent to deliver in an amount of 400 grams or more in a drug-free zone in Cause No. 2011-431,013.

But the defendant had no knowledge that the case was dismissed by the Court on November 27, 2012, and that he was re-indicted by the Court on November 27, 2012 to Cause No. 2012-436,716. Because the defendant was not informed by his counsel Daniel Hurley nor was the defendant brought Before a court and informed of the dismissal of Cause No. 2011-431,013 or formerly re-indicted to cause No. 2012-436,716. Let the record reflect back to November 27, 2012, which will clearly support defendants facual allegations, that he was not present in Court for a dismissal or re-indictment. **Texas Constitution Article 1. sec. 10 RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS** states:

> In all criminal prosecutions the accused
> shall have a Speedy public trial by an im-
> partial jury. He shall have the right to
> demand the nature and cause of the accusa-
> tion against him, and to have a copy thereof

In addition, **The United States constitution Amendment 14 sec.1** last part of the paragraph states:

> nor shall any state deprive any person of
> life, liberty, or property, without due
> process of law; nor deny to any person
> within its jurisdiction the equal protec-
> tion of the laws."

1.

In **Meachum v. Fano**, (1976, US) 49 L. Ed. 2d 451, 96 S. Ct. 2532, infra § 21 [a], the court indicated that a "liberty interest" may have either of the two sources: it may originate in the Federal constitution or it may have its roots in state law.

Counsel Daniel Hurley had a duty to make sure that his client (Roderick Hall) rights were not violated and that defendant receive a copy of the indictment and understand the charge. If the defendant is not brought Before the Court and told that his case is dismissed and that he is being re-indicted for the same charge as well as a firearm charge, nor do counsel explain to defendant the dismissal and re-indictment. Then how could Counsel effectively make sure that defendant understood the charges brought against him?

Defendant respectfully direct the court's attention to the D.A.'s Exhibit-A. The Motion To Dismiss do not explain why Cause No.2011-431,013 is being dismissed or why a re-indictment for Cause No. 2012-436761, nor do the re-indictment mention the charge of a firearm. There is no mention of a Firearm or drugs or notihing, other than his name. This is clear evidence that the defendant did not understand the charges against him, nor did his attorney explain to him the consequences of the charges, which are prerequisites of a valid guilty plea. Perhaps the D.A. relies on Exhibit-H "Waiver of arraigment" for Cause No.2011-431,031? Exhibit-H should not be given any consideration, because it is an elaborate scheme of a forged signature of defendant's. See Defendant's **EXHIBIT-A** herein this motion. Counsel Hurley's signature is right aboved the forged signature of defendant's, therefore he knew or should have known that that was not the defendant's signature. See **EXHIBIT-B and C**, to compare the signatures with the forged signature on the D.A.'s Exhibit-H. Such a flagrant discrepancy shows the depth that defendant's own counsel went to insure that his own client (defendant Hall) would not have a chance of winning his case. Such flagrant discrepancy is a case of a counsel-gone-wild. The sufficient facts which are true, demonstrate that counsel's conduct fell below an objective standard of reasonableness or that there is a reasonable probability that, but for the alleged deficient conduct, the result would have been different. **Hernandez v. State**, 726 S.W. 2d 53,57 (Tex. Crim. App. 1986).

The D.A.'s State Exhibit-B titled Motion to Transfer documents and transfer order is nothing more than an elaborate smoke screen to assist defense counsel Hurley, by showing that Discovery motions, Suppression hearing motions and Etc were filed under Cause 2012-436,761 which is the new charge that the defendant supposely was re-indicted for. The facts of the matter is that, those motions that were filed for the original charge Cause No. 2011-431,013 wouldn't

necessarily be required, especially if the charge was upgraded to a drug and firearm case.

The defendant respectfully direct the attention of the court to the D.A.'s Exhibit-H, Waiver of Arraignment. Defendant did not sign the document, his signature was forged. The defendant submits an Exhibit-A, B and C as evidence that the signature on the D.A.'s Exhibit-H is not his signature. Nevertheless, in **Tollett v. Henderson**, (1973) 411 US 258, 36 L. Ed. 2d 235, 93 S. Ct. 1602, held that when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea, but may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Furthermore, Id. "Finding that the merits of any claim that the accused's guilty plea had been based on incompetent advice of counsel should first be considered by the lower federal courts, the Supreme Court remanded the case for further proceedings." In defendant Hall's case, the advice given by his counsel on the day he was expected to have a Trial-by-jury, "the best thing we can today is plea guilty and hope the judge will take that into consideration and give you a light sentence." The defendant concedes to the D.A.'s Exhibit-E The Waiver of Constitutional rights. Defendant did sign the document listed as Exhibit-E only under the coercion of his counsel Hurley, who was in a hurry to dispose of the defendant's case, instead of preparing a defense. He told him, "just sign it". Counsel Hurley didn't explain the consequences of his charge or the range of punishment. Infact counsel Hurley led the defendant to believe that they were going to a Trial-by-Judge up-until the day trial was scheduled on July 8, 2014 and then on that day, telling him, he is not prepared to go to trial. Let the record reflect that Counsel Hurley had not filed anything of pre-trial significance since 2011 what is mentioned in the D.A.'s Exhibit-B Motion to Transfer Documents from Cause No. 2011-431,013 to Cause No. 2012-436,716-C with the exception of Suppression Hearing Motions which were filed January of 2013(**EXHIBIT-B and B(2)** of defendant's 11.07 Writ of Habeas Corpus Motion).

The defendant's response to the D.A.'s reference to defendant's assertion in his 11.07 motion that trial counsel failed to seek suppression of the items seized pursuant to the court's seal not on the search warrant; the affidavit does not mention what the police officers were looking nor the date and time of the controlled buy between defendant and confidential informant(CI); and that the

3.

affidavit for search warrant was prepared by unreliable affiants. The defendant now respondss in 4-part:

1. The defendant is a layman in the law and have very limited access to Texas state law while he is confined in Federal custody. Therefore, defendant ask the court to overlook any oversight of the defendant because of his handicap. The defendant feel the obligation to clarify to the court this particular assertion. In **United States v. Faulty**, 2006 U.S. Dist. LEXIS 37141 in the Fifth circuit case language states verbatim: "The search and arrest warrant in this case commands the executing officer to search for the controlled substance cocaine to arrest the defendant. The affidavit of officer Bufkin, which is referenced in and incorporated by the warrant, further states that "the Affiant hereby charges and accuses that [Defendant]... isin possession of a quantity of the above listed controlled substance, namely cocaine, having the intent to deliver said controlled substance to person or persons unknown." Def.'s Mtn for Disclosure, Ex. A. This is sufficient to satisfy the second requirement of the Texas Code of criminal procedure article 15.02, that a warrant must name the offense of which the person to be arrested is accused. Similarly the title "Magistrate" appears beneath the signature on the warrant, as well as on the final page of the incorporated affidavit. The seal of the Texas municipal court..." Defendant Hall contends, even if the Affidavit for search warrant or search warrant doesn't have to bare the seal of the court. Nevertheless, it is still defective, as will be pointed out why in the following paragraphs;

2. In the defendant's **EXHIBIT-A** of his 11.07 motion the Affidavit for search warrant looks a lot different than the D.A.'s copy titled Exhibit-F in the D.A.'s response to defendant's 11.07 motion. It is not clear why there are two entirely different versions. But what is definitely without dispute is the credibility of the affiants. The D.A. claims that the misconduct of officers involved with the search warrant happened after the search is baseless. The main officer Brady Lewis and a female officer who was involved with the surveillance of defendant's residence that day April 7, 2011 was under investigation for corruption at the time of the affidavit for a search warrant was submitted only Rick Maldonado was fired after the issuance of the search warrant of defendant's residence. Counsel Hurley had knowledge of these corrupt cops investigations. But failed to use that available information along with other vital information in reference to the defective search warrant to get the evidence obtained from the search warrant dismissed, and if unsuccessful in that respect proceed to trial and use the unreliable testimony as part of the defendant's defense. This would have been having no defense for trial at all, which is the case with counsel Hurley.

4.

3. The probable cause that the unreliable affiants used to seek a search of defendant's residence was that he left his residence and make a control buy with a CI at another location while under surveillance by two corrupted officers who were under investigation for corruption at the time. The "marked money" and drugs that were supposed to sold in the controlled buy has never been presented to the Magistrate to obtain a search warrant. Therefore, there was no probable cause to establish permission to obtain a search of the defendant's residence.

In reference to the D.A.'s assertion that Discovery motions were filed by counsel Hurley and that he submitted evidence to the defense, which the D.A. submits as Exhibit-G are all for the Cause No. 2011-431,013 which was dismissed. There exist no Discovery motions or other motions other than two suppression hearing motions, that were filed for Cause No.2012-436,716. The defendant's counsel was honest about, he wasn't prepared to go to trial.

In response to the D.A.'s assumptions in reference defendant's plea being voluntary. The defendant had been led to believe by counsel, that they were going trial, then he abandoned on the day of the trial and he did not explain to the defendant the consequences of his guilty plea or the sentence he was facing. he only told him to throw himself to the mercy of the court. In such an instance amounts to the defendant involuntary pleaing to the charges. Which invalidates the plea because of counsel bad advice and abandonment amounted to deficient performance.

The defendant concedes to the D.A.'s assertions that **Strickland** two prongs must be met. In **Strickland v. Washington**, (1984) 466 US 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the Supreme Court announced a two-part general test or standard for evaluating a criminal defendant's claim, under the federal constitution's Sixth Amendment, of ineffective assistance counsel under the Strickland principles, a defendant had to prove both (1)deficient performance, and (2)prejudice from counsel's unprofessional errors.

However, in **United States v. Cronic** (1984) 466 US 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039, which was decided on the same day as Strickland v. Washington, the Supreme Court (1)identified several specific situations, implicating a criminal defendant's right to counsel, in which prejudice would be presumed; and (2)determined that one such situation occurred when counsel entirely failed to subject the prosecution's case to a meaningful adversial testing.

In **Kimmelman v. Morrison**, 477 U.S. 365, 106 S. Ct. 2574, **91 L. Ed. 2d 305 (1986)**, a criminal defendant's attorney failed to file a motion to suppress evidence challenging a search and seizure within the time allowed under state law. The supreme court held that the defendant's constitutional right to effective

assistance of counsel was violated by his attorney's failure to move to suppress the evidence. Counsel Hurley didn't file a motion to suppress until 2013, when the case originated from April of 2011. Surely, the time allowed by the state of Texas exceeded.

"Prejudice" component of test, under federal constitution's Sixth Amendment, of ineffective assistance of accused's trial counsel focuses on question whether counsel's deficient performance renders result of trial unreliable or proceeding fundamentally unfair; under prejudice component's case-by-case inquiry, unreliability or unfairness does not result if ineffectiveness of counsel does not deprive accused of any substantive or procedural right to which law entitles accused; thus, analysis focusing solely on mere outcome determination, without attention to whether result of proceeding was fundamentally unfair or unreliable, is defective; in judging prejudice and likelihood of different outcome, accused has no entitlement to luck of lawless decisionmaker.

When counsel admits that he is not prepared for trial on the day trial is scheduled and that no plea agreement were discussed before trial and when the counsel coerce his defendant to plea guilty by abandoning at trial time. These factors amounts to deficient performance that prejudiced the defendant, to leaving him no other choice but throw himself to the mercy of the court. Had not been for counsel's deficient performance, the defendant would had preferred to go to trial and any reasonable jury would not have found the defendant guilty, considering all the facts. especially since the key witnesses, were corrupted police officers who were under investigation at the time of the commission of the crime.

RESPONSE TO COUNSEL DANIEL HURLEY'S AFFIDAVIT:

The following is in response to Counsel Hurley's Affidavit filed into Lubbock County, Texas on January 21, 2015 in response to defendant Roderick Andre Hall's Writ of Habeas Corpus 11.07 for ineffective assistance of counsel. The defendant concedes to paragraph one only of Counsel Hurley's affidavit.

The defendant contest the all other paragraphs in Counsel Hurley's affidavit and hope trust that this Honorable Court after review of all the facts will exercise its prudent judgement in decided this matter before the court.

The defendant Roderick Andre Hall states the following in response to the affidavit:

Counsel Daniel Hurley in the second paragraph of his affidavit admits that on the day the trial was schedule to begin on July 8, 2014, "We were set for a bench trial where all issues including any Fourth Amendment violations were going to be presented to the court."

6.

Counsel Hurley's admission gives credence to defendant's assertion that his counsel led him to believe he was preparing for trial (trial-by-Judge) and that at no time did they discuss the issue of pleading guilty. In addition Counsel Hurley admission to the above, give credence to the defendant's verbatim quote of Counsel Hurley saying, "I'm not prepared for trial." Because had counsel been prepared for trial, he would had filed several pre-trial motions. As far as defendant know, none was filed, other than 2 suppression hearing motions in January of 2013 under Cause No. 2012-436,716.

Paragraph 7 Counsel Hurley claimed he received all necessary discovery through the District Attorney's office is an indication of counsel misunderstanding of the law. Because if he did, he would have requested in Discovery the "marked money" and "drugs" that were allegingly used in the so-called control buy that officer Rick Maldanado and Officer Brady Lewis based their probable cause to obtain a search of the defendant's residence.n **Martinez-Macras, 810 F. Supp. 782, 786 (W.D. Tex. 1991)** The fifth circuit stated; "Counsel's errors with the jury instructions were not a strategic decision to forego one defense in favor of another. They were the result of a misunderstanding of law."

Paragraph 9 is in total contradiction to paragraph 2. Where counsel Hurley admits, "we were set for a bench trial..."(On July 8, 2014) just as defendant alleged in his 11.07 motion. He wasn't expected to plea guilty, he was expecting to attend a trial with an attorney defending him. The contradiction in paragraph 9 he states, "I deny that I failed to discuss the possible plea bargain with Rod Hall until July 8, 2014.

Paragraph 11 is not true. Counsel Hurley never went over the indictments with the defendant. If the defendant would had knew that he was charged for a firearm he would had insisted of a trial, cause they were legal.

## CERTIFICATE OF SERVICE

I, Roderick Andre Hall, the defendant in Pro Se, hereby certify under the penalty of perjury, swear that the original of The Response to the District Attorney's response and Response to Counsel Daniel Hurley's affidavit was mailed pre-postage paid to the 364th District Court in Lubbock County, Texas and one copy mailed to the District Attorney's office c/o Mr. Matthew D. Powell and a copy mailed to Criminal Texas Court of Appeals on February 1, 2015.

Respectfully Submitted,

Roderick A. Hall #46415-177
1900 Simler Ave.
Big Springs, Tx. 79720

7.

## AFFIDAVIT IN SUPPORT

I Roderick Hall the defendant in case no.2012-436,716 swear under the penalty
of perjury to the following facts mentioned below:

The District Attorney's Exhibit-H "Waiver of Arraignment" is not my signature
and I am willing to take a polygraph test to prove that it is not my signature.

Also, my attorney Daniel Hurley never showed that Waiver of arraignment or adviced
me to wave my arraignment.

I, Roderick Hall, am the affiant/defendant and is presently incarcerated in
Big Springs Low security federal Prison, declare under the penalty of perjury
that, according to my belief, the facts stated in the above application are
true and correct.

Roderick Hall
reg #46415-177
1900 Simler Ave.
Big Springs, Tx. 79720

Signed February 2, 2015

**EXHIBIT-A**

one page of one page

## PETITIONER'S INFORMATION

Petitioner's Name: Roderick Hall

State Bar Number: N/A

Address: Daniel Hurley
1805 13th Street
Lubbock, TX 79403

Phone: 806-771-0700

## INMATE DECLARATION

I, Roderick Hall, am Petitioner and being Presently Incarcerated in the Federal Correctional Institution at Big Spring, 1900 Simler Avenue Big Spring, TX 79720, Declare under Penalty of Perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _October 17th_, 2014

Petitioner's Signature

Dear Clerk,

Please find enclosed a notice of 11.07 which I request to be filed and forwarded to the court of appeals in Amarillo, Texas, on the basis of "Ineffective Assistance of Counsel." Harrington v. Richter, 31 S. CT. 770 (2011) where as in Richter who requested to the attorney summon to court the "expert witness" to determine the "blood" that was found at the crime scene.

However, since the defense attorney failed to do such it created the form of failure to provide adequate treatment to client and the case was remanded to it's district court. Needless to say, such acknowledgement of such consist of in the 11.07.

Thanking you in advance for your time and consideration in this matter.

Respectfully,

EXHIBIT-C